IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL B. McGUIRK and JEANNIE E. McGUIRK, Individually and on behalf of their minor children, MICHAEL J. McGUIRK, a minor, and THOMAS C. McGUIRK, a minor, | : : : : : : : : | CIVIL ACTION |
| Plaintiffs, | : : | No. 02-CV-4341 |
| vs. | : : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : : | JUDGE FRANKLIN S. VAN ANTWERPEN |
| Defendant. | : | |

### DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S MOTION OF DISMISS PLAINTIFFS' COMPLAINT

Defendant State Farm Fire & Casualty Company ("State Farm"), by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files the following Motion to Dismiss Plaintiffs' Complaint:

1. The Complaint in the above-captioned civil action was filed on or about June 28, 2002. A true and correct copy of the Complaint is attached as Exhibit A.

2. The gist of this Complaint appears to be whether State Farm handled Plaintiffs' property damage claim pursuant to a homeowners' insurance policy in a good faith manner.

3. Currently pending before this court under a separate civil lawsuit is Plaintiffs' action against State Farm for breach of contract for the same property damage loss which is the subject of this lawsuit. See Michael B. McGuirk and Jeannie E. McGuirk v. State Farm Fire and Casualty Company, No. 01-CV-4472. That action was filed on August 31, 2001.

4. On June 26, 2001, two months before filing the first federal court lawsuit, Plaintiffs, Michael and Jeannie McGuirk,

filed a lawsuit against Defendant State Farm and J. Wilbur Sollenberger, Agent, Lantz & Martin Associates, LLC, t/d/b/a Purofirst of Conestoga Valley and Karl & Associates, Inc.  This lawsuit was filed in the Court of Common Pleas of Lancaster County, Pennsylvania.  (A true and correct copy of the Writ of Summons is attached as Exhibit B).

    5.   The Lancaster County action was purportedly an action for bad faith against State Farm involving the same facts and property damage loss as the two federal court actions.

    6.   On January 15, 2002, Plaintiffs requested the court to dismiss, without prejudice, the Lancaster County action. (A true and correct copy of the Praecipe to Withdraw Action is attached as Exhibit C).

    7.   Now, one year after filing the Lancaster County action and ten months after filing the first federal court action, Plaintiffs filed the instant lawsuit.

    8.   Again, this lawsuit arises out of the same facts and involves the identical loss and policy of insurance as the prior two actions, however, the present lawsuit includes additional counts against State Farm.

    9.   Specifically, the subject Complaint contains seven counts: negligence (Count I); bad faith (Count II); personal injury and property damage (Count III); breach of fiduciary duty (Count IV); breach of covenant of good faith and fair dealing (Count V); unfair trade practices and consumer protection law (Count VI); and punitive damages (Count VII).

10. Count I for negligence should be dismissed for failing to state a valid cause of action under Pennsylvania law.

11. Count III of the Complaint is titled "Personal Injury and Property Damage" and appears to be a combination of Plaintiff's breach of contract, negligence and bad faith counts.

12. Count III should be dismissed for failing to state a valid cause of action under Pennsylvania law.

13. Count IV of Plaintiffs' Complaint is for "Breach of Fiduciary Duty."

14. Pennsylvania does not recognize a separate cause of action for breach of fiduciary duty.

15. Accordingly, Count IV of the Complaint should be dismissed for failing to state a valid cause of action under Pennsylvania law.

16. Count V of the Complaint is for "Breach of Covenant of Good Faith and Fair Dealing."

17. Again, Pennsylvania law does not recognize a separate cause of action for breach of covenant of good faith and fair dealing.

18. Accordingly, Count V of the Complaint should be dismissed for failing to state a valid cause of action under Pennsylvania law.

19. Count VI is titled "Unfair Trade Practices and Consumer Protection Law."

20. Plaintiffs' allegations are insufficient to state a valid claim under the UTP&CPL and, therefore, Count VI should be dismissed as a matter of law.

21. Lastly, Count VII purports to be a cause of action for "Punitive Damages."

22. Since Pennsylvania law does not recognize a request for punitive damages as a cause of action but rather a request for damages, it must be dismissed for failure to state a valid cause of action.

**WHEREFORE,** Defendant State Fire & Casualty Company respectfully requests that this Motion to Dismiss be granted and that Counts I, III, IV, V, VI and VII of Plaintiffs' Complaint be dismissed with prejudice.

Respectfully submitted,

**FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 10/10/02            By: _____
LEE E. ULLMAN, ESQUIRE
540 Court Street
P.O. Box 542
Reading, PA 19603
610 777-5700

4