IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL B. McGUIRK and JEANNIE E. McGUIRK, Individually and on behalf of their minor children, MICHAEL J. McGUIRK, a minor, and THOMAS C. McGUIRK, a minor, | : : : : : : : | CIVIL ACTION |
| Plaintiffs, | : : | No. 02-CV-4341 |
| vs. | : : | |
| STATE FARM FIRE & CASUALTY COMPANY, Defendant. | : : : | JUDGE FRANKLIN S. VAN ANTWERPEN |

**DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION OF DISMISS PLAINTIFFS' COMPLAINT**

Defendant State Farm Fire & Casualty Company ("State Farm"), by and through its attorneys, Forry, Ullman, Ullman & Forry, P.C., hereby files the following Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint:

**I.   INTRODUCTION**

The Complaint in the above-captioned civil action was filed on or about June 28, 2002.  Currently pending before this Court under a separate civil action is Plaintiffs' action against State Farm for breach of contract for the same property damage loss that is the subject of this lawsuit.  See Michael B. McGuirk and Jeannie E. McGuirk v. State Farm Fire and Casualty Company, No. 01-CV-4472.  That action was filed on August 31, 2001.

On June 26, 2001, two months before filing the first federal court lawsuit, Plaintiffs, Michael and Jeannie McGuirk, filed a lawsuit against Defendant State Farm and J. Wilbur Sollenberger, Agent, Lantz & Martin Associates, LLC, t/d/b/a Purofirst of

Conestoga Valley and Karl & Associates, Inc. This lawsuit was filed in the Court of Common Pleas of Lancaster County, Pennsylvania. The Lancaster County action involved the same facts and property damage loss that is at issue in the two federal court actions.

On January 15, 2002, Plaintiffs requested the court to dismiss, without prejudice, the Lancaster County action. Now, one year after filing the Lancaster County action and ten months after filing the original federal court action, Plaintiffs filed the instant lawsuit.

Again, this lawsuit arises out of the same facts and involves the identical loss and policy of insurance as the prior two actions, however, the present lawsuit includes additional counts against State Farm. Specifically, the subject Complaint contains seven counts: negligence (Count I); bad faith (Count II); personal injury and property damage (Count III); breach of fiduciary duty (Count IV); breach of covenant of good faith and fair dealing (Count V); unfair trade practices and consumer protection law (Count VI); and punitive damages (Count VII).

State Farm submits that Counts I, III, IV, V, VI and VII of Plaintiffs' Complaint should be dismissed with prejudice for the reasons set forth below.

## II.  **FACTUAL BACKGROUND**

The gist of all three of Plaintiffs' lawsuits against State Farm is that State Farm did not pay or handle Plaintiffs' water damage claim and subsequent mold problem in their home to Plaintiffs' satisfaction. State Farm promptly paid the initial

water damage loss and has attempted unsuccessfully to resolve the subsequent mold issue for over a year and one half. Unfortunately, Plaintiffs have thwarted every attempt at a resolution of this matter and instead have filed three separate lawsuits against State Farm, two of which are currently pending before this Court.

III. **ARGUMENT**

**STANDARD OF REVIEW**

When considering a Motion to Dismiss under Rule 12(b)(6), a Court is obligated to take all the well-pleaded allegations as true, construe the Complaint in the light most favorable to the Plaintiff and determine whether the Plaintiff is entitled to relief under any reasonable reading of the pleadings. Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1998), cert. Denied, 489 U.S. 1065, 109 S.Ct. 1338 (1989).

A Motion to Dismiss may be granted if the Court finds that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 335 U.S. 41, 45-46 (1957).

    A. **Count I fails to state a valid cause of action**

Count I of the Complaint for negligence should be dismissed for failing to state a valid cause of action under Pennsylvania law. Plaintiffs' negligence count merely appears to be a combination of their bad faith, breach of fiduciary duty and breach of contract counts. Thus, this Count is merely redundant and should be stricken.

In addition, Plaintiffs' negligence claim is barred by the gist of the action doctrine. The Pennsylvania Superior Court has outlined the gist of the action doctrine as follows:

> [T]o be construed as a tort action, the wrong ascribed to the defendant must be the gist of the action with the contract being collateral. In addition, … a contract may not be converted into a tort action simply by alleging that the conduct in question was done wantonly. Finally, … the important difference between contract and tort actions is that the latter lies from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus.

Philco Ins. Co. v. Presbyterian Med. Serv. Corp., 444 Pa.Super. 221, 229, 663 A.2d 753, 757 (1995)(citing Bash v. Bell Telephone Co., 411 Pa.Super. 347, 601 A.2d 825 (1992)).

The gist of Plaintiffs' actions against State Farm are for breach of contract and bad faith. Plaintiffs are not satisfied with the amount of money State Farm paid for this loss under the contract of insurance and also contend that State Farm did not handle their claim in a good faith manner. State Farm's duties and obligations to Plaintiffs arise from the contract of homeowners insurance rather than based in tort. Thus, Plaintiffs' negligence count is barred by the gist of the action doctrine.

Accordingly, Count I of Plaintiffs' Complaint should be dismissed for failure to state a valid claim under Pennsylvania law.

    B.    **Count III fails to state a valid cause of action**

Count III of the Complaint is titled "personal injury and property damage" and appears to a combination of Plaintiffs' breach of contract, negligence and bad faith counts. Count III should be

4

dismissed for failing to state a valid cause of action under Pennsylvania law.

As to Plaintiffs' claims for "property damage", there is no such recognizable cause of action under Pennsylvania law. It appears Plaintiffs are seeking recovery for damages to their home and personal property, which is already the subject of Plaintiffs' other lawsuit pending before this Court for breach of contract. State Farm's relationship with Plaintiffs is contractual in nature and the amount of money recoverable for property damage is specifically governed by the terms and conditions of the policy of insurance between the parties. Thus, Plaintiffs' claim for "property damage" should be dismissed for failure to state a cause of action and should be stricken as redundant.

Plaintiffs' claim for "personal injury" should likewise be stricken. The parties' relationship is contractual in nature and there is no recovery for "personal injury" under the subject homeowners' policy of insurance. Further, there is no recognizable cause of action for "personal injury" under Pennsylvania law.

Accordingly, Count III of Plaintiffs' Complaint should be dismissed for failure to state a claim under Pennsylvania law.

C.  **<u>Count IV fails to state a valid cause of action</u>**

Count IV of Plaintiffs' Complaint is for "Breach of Fiduciary Duty." Pennsylvania courts do not recognize a separate cause of action for breach of fiduciary duty. <u>Greater New York Ins. Co. v. North River Ins. Co.</u>, 872 F.Supp. 1403, 1406, 1409 (E.D.Pa. 1995), <u>aff'd</u>, 85 F.3d 1088 (3d Cir. 1996). "In Pennsylvania, there is no separate tort-law cause of action against an insurer for … breach

of fiduciary duty: such claims must be brought in contract." Ingersoll-Rand Equipment Corp. v. Transportation Ins. Co., 963 F.Supp. 452, 453-54 (M.D.Pa. 1997). The court noted that "the gist of a claim for the breach of an insurer's duties under the contract of insurance (including both fiduciary duties and the duty to exercise due care) is essentially contractual in nature. Relief for such a breach therefore must lie in contract, not in tort." Id. At 454.

Under Pennsylvania law, the courts treat the breach of contractual duty of good faith and breach of fiduciary duty synonymously in the context of insurance cases, and there is no common law tort action for breach of fiduciary duty. Rather, the bad faith statute provides the sole remedy for punitive damages for insureds who allege bad faith or breach of fiduciary duty by an insurer. Greater New York, 872 F.Supp. at 1409. A claim for bad faith "subsumes claims for breach of fiduciary duty," and the separate cause of action for breach of fiduciary duty should be stricken as redundant. Wood v. Allstate Ins. Co., No. 96-4574, 1996 WL 637832 (E.D.Pa. 1996).

Here, Plaintiffs allege a claim for "bad faith" in Count II of their Complaint and a claim for breach of fiduciary duty in Count IV. Under Pennsylvania law, the bad faith count subsumes the claim for breach of fiduciary duty and is merely redundant. Thus, Count IV of the Complaint should be dismissed for failing to state a valid cause of action under Pennsylvania law.

**D.   Count V fails to state a valid cause of action**

Count V of the Complaint is for "Breach of Covenant of Good Faith and Fair Dealing." The allegations contained in this Count aver purported "bad faith" conduct by State Farm. Count II for "bad faith" subsumes this Count and Count V is merely redundant of the bad faith claim.

Further, Pennsylvania law does not recognize a common law cause of action for breach of covenant of good faith and fair dealing against a first party insurer. D'Ambrosio v. Pennsylvania National Mut. Cas. Ins. Co., 494 Pa. 501, 431 A.2d 966 (1981). Accordingly, Count V of the Complaint should be dismissed for failing to state a valid cause of action under Pennsylvania law.

**E.   Count VI fails to state a valid cause of action**

Count VI of Plaintiffs' Complaint fails to allege a valid cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTP&CPL"), 73 Pa. C.S.A. Section 201 et seq.

The Complaint merely restates two subdivisions of the UTP&CPL and concludes that State Farm violated the UTP&CPL. Specifically, Plaintiffs allege that State Farm violated the UTP&CPL by: (1) representing "that services in this case, under its insurance coverage, have characteristics, uses and benefits that they do not have in violation of 73 P.S. Section 201-2(4)(v); and (2) "charging for insurance coverage which was not provided to the customer which created a likelihood of confusion or misunderstanding in violation of 73 P.S. Section 201-2(4)(xvii). These allegations are insufficient to state a valid claim under the UTP&CPL.

7

This lawsuit involves one issue: whether State Farm reasonably paid and handled Plaintiffs' water damage and subsequent mold claim in good faith. The underlying theme is that State Farm did not pay benefits under the homeowners' policy of insurance to which Plaintiffs felt entitled.

A similar situation arose in the case of Gordon v. Pennsylvania Blue Shield, 378 Pa.Super. 256, 548 A.2d 600 (1988), where the defendant-insurer allegedly refused to pay medical benefits requested by the insured. The Pennsylvania Superior Court dismissed the action, holding that the insurer's actions did not rise to the level of "misfeasance." In so holding, the court reasoned that the insurer's failure to pay benefits to which the insured felt entitled amounted to the mere failure to perform, i.e., nonfeasance, as opposed to the improper performance of a contractual obligation, i.e., misfeasance. The Court held that nonfeasance is not sufficient to state a claim under the UTP&CPL. 548 A.2d at 604.

A fair reading of the Complaint leads to the inescapable conclusion that State Farm is being accused of misfeasance for the same reasons as the defendant in Gordon, supra. In Gordon, the Superior Court held explicitly held that the refusal to pay benefits to which the policyholder felt entitled did not rise to the level of misfeasance. The insurer's conduct was, at worst, nonfeasance, and therefore not actionable under the UTP&CPL. See also Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300 (3d Cir. 1995); MacFarland v. United States Fidelity & Guar. Co., 818

F.Supp. 108 (E.D.Pa. 1993)(failure to pay under an insurance contract constitutes nonfeasance).

Accordingly, Plaintiffs have failed to state a cognizable cause of action under the Pennsylvania's Unfair Trade Practices and Consumer Protection Law and Count VI of the Complaint must be dismissed with prejudice.

**F.  Count VII fails to state a valid cause of action**

Lastly, Count VII purports to be a cause of action for "Punitive Damages." This count contains only one substantive averment: "[t]he conduct of State Farm averred above has been in willful, wanton, reckless and outrageous disregard for the property and personal rights of Plaintiffs." Thus, plaintiffs request an award of punitive damages.

Count VII fails to allege any recognizable cause of action and merely requests an award of punitive damages. Since Pennsylvania law does not recognize a request for punitive damages as an independent cause of action but rather a type of damages, it must be dismissed for failure to state a valid cause of action.

**WHEREFORE,** Defendant State Fire & Casualty Insurance Company respectfully requests that Counts I, III, IV, V, VI and VII of Plaintiffs' Complaint be dismissed with prejudice.

                Respectfully submitted,

                **FORRY, ULLMAN, ULLMAN & FORRY, P.C.**

Dated: 10/10/02        By: _____
                             LEE E. ULLMAN, ESQUIRE
                             540 Court Street
                             P.O. Box 542
                             Reading, PA 19603
                             610 777-5700